UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. R.C, SCHAEFER, et al.,<br><br>    Defendants. | No. 2:94-cv-00437-TLN-DB<br><br>**ORDER** |

Plaintiff Antoine L. Johnson ("Plaintiff"), a state prisoner proceeding *pro se*, initiated this civil rights action against Defendants R. C. Schaefer, C. Colheo, E. Redican, R. Peralez, R. L. Andreasen, and B. L. Johnson ("Defendants") pursuant to 42 U.S.C. § 1983. (ECF Nos. 1–2.) This matter is before the Court pursuant to Plaintiff's "Rule 60(b)(3) Motion for Relief from Judgment," in which Plaintiff appears to request a new trial. (*See* ECF No. 160 at 3.) For the reasons set forth below, Plaintiff's motion is DENIED.

**I.**     **F**ACTUAL AND **P**ROCEDURAL **B**ACKGROUND

Plaintiff initiated this action on March 23, 1994. (ECF No. 1.) In March 2000, the case proceeded to trial before a jury. (*See* ECF No. 150.) On February 11, 2000, the jury issued a verdict in favor of Defendants, the case was dismissed, and Judgment was entered. (ECF No. 152.)

///

1

On March 9, 2000, Plaintiff requested an extension of time to file a Notice of Appeal. (ECF No. 154.) The Court granted Plaintiff's request, permitting Plaintiff to file a Notice of Appeal no later than April 11, 2000. (ECF No. 155.) Plaintiff filed his Notice of Appeal on April 13, 2000. (ECF No. 156.) On September 8, 2000, the United States Court of Appeals for the Ninth Circuit subsequently dismissed Plaintiff's appeal pursuant to Ninth Circuit Rule 42-1, for failure to perfect the appeal in compliance with the Federal Rules of Appellate Procedure.[1] (ECF No. 159.)

On August 5, 2019, Plaintiff filed the instant Motion for Relief from Final Judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(3). (ECF No. 160.) For the reasons stated herein, Plaintiff's motion is DENIED.

## II. STANDARD OF LAW

Rule 60(b) provides for reconsideration of a final judgment or any order where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)–(4). Finally, a motion based on Rule 60(b)(3) must be filed no more than a year after the entry of the judgment or order of the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

## III. ANALYSIS

Plaintiff moves for relief under Rule 60(b)(3) on the basis that Defendants committed a fraud on the court through their failure to "inform the Court of Plaintiff's total disability,"

---

[1] The appellate court's order was docketed in this case on September 11, 2000.

2

specifically, that Plaintiff is blind and purportedly unable to respond to Court orders. (ECF No. 160 at 2.) Yet Plaintiff's motion is time-barred under Rule 60(c)(1) because he filed it over nineteen years after entry of judgment.[2] (*See* ECF Nos. 152, 160.) Simply put, Plaintiff cannot establish he is entitled to relief under Rule 60(b)(3) and his motion is DENIED.

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Relief from Judgment (ECF No. 160), is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2019

                              Troy L. Nunley
                              United States District Judge

---

[2] Moreover, Plaintiff's contention is wholly meritless: Findings and Recommendations adopted by this Court months before Plaintiff's trial acknowledge and consider Plaintiff's contention that he is a visually-impaired inmate. (ECF No. 122 at 2; *see also* ECF No. 125 (Order adopting Findings and Recommendations).)

3